■ BARBARA BERNARD, Respondent, v VASSELIKE ZEPPETELLI, Appellant. —Appeal from an order of the Supreme Court at Special Term, entered August 19, 1976 in Albany County, which granted plaintiff's motion to amend her complaint. By service of a summons and complaint on April 26, 1973, plaintiff commenced this action for personal injuries alleged to have been sustained on February 16, 1971. The complaint alleged that plaintiff "was caused to fall on the driveway of said premises, due to its unsafe condition", the premises referred to being property owned by the defendant

and occupied by the plaintiff. On October 21, 1975 trial was commenced. Plaintiff, called as the first witness, offered testimony as to the condition of the exterior stairs near the driveway and as to the alleged negligent and careless removal of gutters and downspouts from the premises which resulted in an allegedly hazardous accumulation of snow and ice on the stairs which precipitated plaintiff's fall onto the driveway. Defendant objected to this testimony since these matters had not been alleged in the complaint or the bill of particulars, whereupon the trial court granted a motion by plaintiff to amend the pleadings to conform to the proof. Defendant does not contend that the motion was opposed or that an order granting the motion was appealed from. Subsequently a mistrial was declared when insurance company involvement was brought out during the testimony. By order to show cause dated April 12, 1976, plaintiff brought on the instant motion to amend her complaint. The amended complaint sought to add allegations as to the existence of a dangerous obstruction on the stairs caused by the accumulation of ice and snow, defendant's alleged negligence in removing flashings and gutters from the building and defendant's actual or constructive notice of the condition without proper warning to plaintiff. It is from the order granting this motion that the present appeal is taken. CPLR 3025 (subd [b]) allows a party to amend his pleading at any time by leave of court, which leave shall be "freely given upon such terms as may be just". Subdivision (c) thereof empowers the court to permit pleadings to be amended to conform them to the evidence upon such terms as may be just. The rule thus adopts a policy of liberality in the granting of motions to amend pleadings. In the present case, the delay of more than two years from the service of the initial complaint (and more than four and one-half years from the time the cause of action arose) before plaintiff's motion at the trial would ordinarily require some explanation before the motion could be granted, particularly in view of the fact that the allegations proposed to be added to the complaint are not claimed to have been outside of plaintiff's knowledge at the time of the original pleading. However, it is most significant that the motion granted at the trial was not challenged, and the present order does nothing more than formalize what had already occurred. Moreover, defendant has had six additional months to prepare his defense on the basis of the allegations sought to be made, since defendant was advised by virtue of the testimony offered in the first case prior to mistrial, of the matters which plaintiff would seek to prove at any subsequent trial. "It would appear to be difficult to claim prejudice where the moving party had previously informed his adversary that the additional claim or defense would be asserted and the litigation had proceeded on that basis" (3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.15). We therefore conclude that the court at Special Term properly exercised its discretion in granting the motion. Order affirmed, without costs. Koreman, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.